**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL GRAVES,  :  <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> N.J. STATE PAROLE BOARD,  : <br> : <br> Defendant.  : | Civil No. 11-7563 (RBK) <br><br> **O P I N I O N** |

**APPEARANCES:**

Michael Graves, <u>Pro Se</u>
762608-B/598226
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

**KUGLER, District Judge**

Plaintiff, a state prisoner confined at the Southern State Correctional Facility, Delmont, New Jersey, brings this civil action alleging violations of his constitutional rights. He has applied to proceed <u>in forma pauperis</u> ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

1

is immune from such relief.  For the following reasons, the complaint must be dismissed.[1]

### BACKGROUND

Plaintiff states:

> On April 5th 2011 I was paroled to V[olunteers] O[f] A[merica] in Camden NJ.  On April 6th 2011 I spoke to my [counselor] Mr. Bellan about my medical situation.  How I needed to have eye injections every 4 to 6 weeks and I was overdue for medications.  Nothing was done, so I forwarded a letter to my parole officer Ms. Lisa Lafferty [] and did nothing after Dr. Colameco sent emails asking for me to be released on parole so I can receive the Avastatin treatment to my eyes but nothing happened.  I received no help whatsoever.  I was forced to come back to prison to receive treatment and to have a doctor sign something that [excused] parole for any liability . . . .

(Complt., ¶ C "Cause of Action").  Plaintiff asks for monetary relief only, and states that he is not in imminent danger of serious physical injury.  (Complt., ¶ G "Imminent Harm"; ¶ H "Request for Relief").

Attached to his complaint, Plaintiff provided his "Chronological Supervision Report," dated April 14, 2011 through April 26, 2011, and from May 2, 2011 through May 26, 2011.  It reveals that on April 14, 2011, Plaintiff was picked up and transported to "Liberty Street" in Camden.  On April 26, 2011, there is an entry that Plaintiff "needs Medicaid ASAP or will be returned to close custody for eye care if need be."  That same

---

[1] Plaintiff also filed an application for pro bono counsel (docket entry 2), which will be dismissed.

day, an entry was made that "Parolee Michael Graves may be medically discharged from the program if [he] is not able to get his eye injections." From May 2 until May 5, 2011, the parole officer attempted to get medical information. On May 26, 2011, Plaintiff "approached the front desk and said he was leaving. He refused to speak with staff or parole and absconded."

The New Jersey Department of Corrections website reveals that Plaintiff was "out of custody from April 5, 2011 to May 27, 2011."[2]

## DISCUSSION

### A.  Legal Standard

#### 1.  Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte

---

[2]  The inmate locator website is found at: https://www6.state.nj.us/DOC_Inmate/details?x=1027368&n=2

3

screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

5

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B.   Plaintiff's Claims**

Plaintiff asks for monetary damages "for lack of medical care and damages done to my eyesight."  (Complt., ¶ H).  The Court construes this claim as one for delayed medical treatment.

However, Plaintiff has not pled a constitutional violation with regard to his medical care claim.  In order to sustain a claim under the Eighth Amendment for a violation of his right to adequate medical care, Plaintiff must allege either a serious medical injury or deliberate indifference on the part of prison officials to his medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (holding that in order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need).  In this case, it is unclear whether or not Plaintiff was under the care of state actors during the time he complained of.  It appears that Plaintiff was out of custody on parole during the time that his treatment was delayed.  As pled, he fails to state a claim under the Iqbal standard.

Further, the only named defendant is the New Jersey State Parole Board.  The Eleventh Amendment to the United States

6

Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.   See Will v.

7

Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989).

For the foregoing reasons, the claims against the New Jersey State Parole Board will be dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order accompanies this opinion.

                          s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge

Dated: July 12, 2012